NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 20-3358

———————————

JESSE RUSSELL SIMPSON

v.

P. HORNING, Food Service Administrator; R. FORLINA, Correctional Counselor; S.
MILES, Unit Manager; WARDEN MOSER; CHIEF PSYCHOLOGIST M.
RABINOWITZ; LORETTO FCI MEDICAL STAFF MEMBERS; LORETTO FCI
PSYCHOLOGY STAFF MEMBERS; NORMAN WEIDLICH, Health Services
Administrator


P. HORNING, Food Service Administrator; R. FORLINA, Correctional Counselor; S.
MILES, Unit Manager; WARDEN MOSER; CHIEF PSYCHOLOGIST M.
RABINOWITZ; NORMAN WEIDLICH, Health Services Administrator,
Appellants

———————————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-19-cv-00078)
Magistrate Judge: Honorable Cynthia R. Eddy

———————————

Argued on November 18, 2021

Before: AMBRO, JORDAN, and ROTH, Circuit Judges

(Opinion filed: December 9, 2021)

Laura S. Irwin
Office of United States Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

Leif E. Overvold **(Argued)**
United States Department of Justice
Appellate Section
950 Pennsylvania Avenue, NW
Washington, DC 20004

Counsel for Appellants

Robert B. Niles-Weed **(Argued)**
Weil Gotshal & Manges
767 Fifth Avenue
New York, NY 10153

Zachary Tripp
Weil Gotshal & Manges
2001 M Street, NW, Suite 600
Washington, DC 20036

Samuel Weiss
Rights Behind Bars
416 Florida Avenue NW, #26152
Washington, DC 20001

Counsel for Appellee

_____

OPINION[*]

_____

AMBRO, <u>Circuit Judge</u>[1]

Former federal inmate Jesse Simpson seeks money damages against federal officials

under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S.

388 (1971). He alleges that prison officials violated the Eighth Amendment's bar against

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The Court extends its gratitude to Appellee's *pro bono* counsel for their extraordinary efforts during this appellate proceeding.

2

cruel and unusual punishment by denying his request to eat meals outside the prison dining hall despite the anxiety attacks attending his in-hall dining. The District Court denied defendants' motion to dismiss,[2] holding that Simpson's allegations, if proven, would justify a *Bivens* remedy. They appeal. Because we agree with defendants that Simpson does not have a *Bivens* claim, we reverse.[3]

I.

Prior to his incarceration, Simpson was diagnosed with social anxiety disorder and Asperger's syndrome. He tried twice to eat in the prison dining hall. Both times he suffered "severe panic attacks due to the extreme close proximity of other aggressive inmates while eating." App. 40. He attributes those attacks to his mental conditions.

Simpson discussed his anxiety issues with medical officers, who increased the dosage of his anxiety medicine and prescribed him additional medication. Dissatisfied with this treatment, Simpson informed defendant Paul Horning, the prison's Food Service Administrator, of his anxiety issues. He proposed eating with the dining hall staff before other inmates received their meals or eating outside the dining hall. Horning denied both requests.

So Simpson escalated his request for accommodation. In response, Horning told

---

[2] Pursuant to 28 U.S.C. 636(c)(1), the parties consented to have this case heard by a magistrate judge.

[3] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine, which allows us to review an interlocutory order where, as here, the defendants have been denied a qualified immunity defense and challenge "whether a damages remedy under *Bivens* exists." *Mack v. Yost*, 968 F.3d 311, 318 (3d Cir. 2020). Our review is plenary, and we "accept plaintiff's allegations as true and draw all inferences in his or her favor." *George v. Rehiel*, 738 F.3d 562, 571 (3d Cir. 2013).

3

him it would be unsanitary to take food outside the dining hall and that he would get the same response from higher-ups. He later gave Simpson a written response:

> It is not allowed within Food Service Policy, Program Statement 4700.06, Food Service Manual, to allow for potentially hazardous foods to be served and removed from the dining room. There are no locations outside of the dining room where meals can be consumed within policy. Also, your request has been discussed with your medical and mental health providers, and being allowed to take food out of the Dining Hall is not deemed clinically necessary.

App. 80. But Simpson alleges that some inmates—for instance, those with certain medical or religious restrictions—are allowed to eat meals outside the dining hall.

Unable to eat with the other inmates, Simpson began eating solely out of the prison commissary. His health suffered due to the poor commissary selection and his dietary restrictions. He has since been released to home confinement but pursues an Eighth Amendment damages claim premised on prison officials' refusal to provide him necessary accommodations to eat prison meals.[4]

## II.

In *Bivens*, the Supreme Court held that a violation of the Fourth Amendment right to be free from unreasonable searches and seizures allows a federal cause of action for money damages despite the absence of any statute authorizing such a remedy. *Bivens*, 403 U.S. at 397. Since then the Court has implied a damages remedy for only a handful of other constitutional violations. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–55 (2017) (citing cases). It has more recently been explicit in its distaste for further *Bivens* expansion,

---

[4] Whether Simpson exhausted his administrative remedies with respect to this claim remains at issue. For purposes of this appeal, we assume his claims are exhausted.

noting that "[i]n most instances . . . the Legislature is in the better position to consider if the public interest would be served by imposing a new substantive legal liability." *Id.* at 1857 (internal quotation marks omitted).

Thus in *Abbasi* the Court "established a rigorous inquiry" to determine whether *Bivens* coverage is available. *Bistrian v. Levi*, 912 F.3d 79, 89 (3d Cir. 2018) (quoting *Vanderklok v. United States*, 868 F.3d 189, 200 (3d Cir. 2017)). First, we assess whether the plaintiff's case presents a "new context," that is, whether it differs "in a meaningful way from previous *Bivens* cases decided by" the Supreme Court. *Abbasi*, 137 S. Ct. at 1864. If not, a damages remedy is available. But if so, we go to the second step and consider "whether there were alternative remedies or other sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy in a suit like this one." *Id.* at 1865 (internal quotation marks omitted).

Simpson urges us to stop at step one, arguing that his claim falls within the *Bivens* context established in *Carlson v. Green*, 446 U.S. 14 (1980). We disagree. Though Simpson too invokes the Eighth Amendment in the prison setting, that is not dispositive. *See Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020). His claim regarding prison officials' failure to except him from a Bureau of Prisons (BOP) food-service policy requiring prison meals to be served in the dining hall bears little resemblance to *Carlson*, which involved prison officials' woeful lack of medical treatment for an inmate's asthma, resulting in his death. *Carlson*, 446 U.S. at 16 n.1; *see Abbasi*, 137 S. Ct. at 1864 ("[E]ven a modest extension [of *Bivens*] is still an extension."). Indeed, unlike the *Carlson* plaintiff, Simpson alleges he was provided treatment for his anxiety on several occasions.

So we move to step two and ask whether "special factors counsel[] hesitation" in extending a damages remedy to Simpson's claim. *Abbasi*, 137 S. Ct. at 1857 (internal quotation marks omitted). Two such factors—the existence of alternative remedies and separation-of-powers concerns—counsel against expanding *Bivens* here. *See id.* at 1848. Simpson had access to alternative methods of relief, including the BOP's administrative remedy program and a suit for injunctive relief. *See Mack*, 968 F.3d at 320 (an alternative remedy "need not provide an individual with *complete* relief in order to foreclose a damages remedy under *Bivens*"). Though he argues that only damages could remedy his injury, his is not the sort of case we have characterized as "damages or nothing." *See, e.g.*, *Bistrian*, 912 F.3d at 84 (permitting a damages remedy where prison officials allowed an inmate to be brutally beaten by other inmates despite knowing of the threats against him, causing the inmate to suffer "severe physical and psychological injuries"). Moreover, Simpson's criticism of prison officials' interpretation and application of a BOP food-service policy "calls in question broad policies pertaining to the reasoning [and] manner" of prison operations, risking "encroach[ment] on the executive's domain." *See id.* at 94–95; *see also id.* ("[T]he task of prison administration 'has been committed to the responsibility of the [legislative and executive] branches, and separation-of-powers concerns counsel a policy of judicial restraint.'" (alteration in original) (quoting *Turner v. Safley*, 482 U.S. 78, 85 (1987))).

Because special factors counsel against extending a damages remedy to this new

*Bivens* context,[5] we reverse and remand for the District Court to dismiss Simpson's Eighth

Amendment damages claim.

---

[5] The District Court also held that defendants were not entitled to qualified immunity. Because we reverse on the *Bivens* issue, we do not address this ruling.